TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00556-CV

Bruce E. Bowman, Appellant

v.

Texas Department of Criminal Justice--Institutional Division; Wayne Scott, 

D. D. Sanders, Ricky Hudson, Linda D. Hales, Lester V. Rocha

 and Joe Heredia, Jr., Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. 95-10668, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 

PER CURIAM

 We will dismiss this appeal for want of prosecution. Bruce Bowman sued the Texas
Department of Criminal Justice--Institutional Division, Wayne Scott, D. D. Sanders, Ricky Hudson, Linda
D. Hales, Lester V. Rocha, and Joe Heredia, Jr. Bowman complained of his treatment as an inmate. The
appellees moved to dismiss on the grounds that they were immune from suit and the case was frivolous. 
The trial court granted the motion generally.

 Bowman appealed, but filed his transcript (1) more than sixty days after the date the judgment
was signed. This Court abated the appeal for a trial-court determination of when Bowman received notice
of the trial-court judgment. On February 27, 1997, after the trial-court's determination of the notice date
showed that Bowman filed the transcript timely, this Court reinstated the appeal and extended the time to
file the statement of facts until May 16, 1997. On May 16, however, the court reporter filed an affidavit
in which she averred that no record was taken of the trial-court proceedings.

 Because no statement of facts will be filed, Bowman's brief ordinarily would be due thirty
days after the transcript was filed. Because of the unusual procedure of this case, this Court computed the
brief-due date from the reinstatement of the appeal following the determination of the date Bowman
received notice of the judgment. Bowman's brief was due on March 31, 1997. It was therefore overdue
immediately when the Court received notice that no statement of facts would be filed. On May 20, 1997,
this Court's clerk's office sent notice to Bowman that his brief was overdue.

 The notice of overdue brief gave Bowman until June 20, 1997 to file a motion for extension
of time to file a brief. The notice warned that, if he failed to file any such motion, the Court could dismiss
his appeal. To date, he has filed neither a motion nor a brief.

 We dismiss the appeal for want of prosecution. Tex. R. App. P. 38.8(a)(1).

Before Justices Powers, Aboussie and B. A. Smith

Appeal Dismissed for Want of Prosecution

Filed: October 2, 1997

Do Not Publish
1. Under the current Rules of Appellate Procedure, this compilation of trial court documents is
called the clerk's record. The transcription of trial-court proceedings is known as the reporter's record. 
We will use the nomenclature of the old rules because this appeal began under the old rules of appellate
procedure, and all actions but this dismissal occurred under their authority.